WILLIAM A. BERRY *versus* WILLIAM H. JOHNSON.

R. S., c. 67, do not limit the Probate Court, in its selection of guardians, to persons resident in this State.

The decision of a presiding Judge as to matters of fact, in a case referred to him with right to except, is conclusive.

ON EXCEPTIONS from *Nisi Prius*, KENT, J., presiding. The guardian was appointed under clause 2, § 4, c. 67, R. S.

The remaining facts appear in the opinion.

*A. Knowles*, for the plaintiff.

Chapter 67, § 1, simply defines and regulates the jurisdiction of Judges of Probate in appointing guardians, limiting them to cases where wards, or their property, are in the counties for which they are the respective Judges. Section 9 gives guardians custody of their wards "resident in the State,"—"resident in the State" having reference to the ward. Same section humanely requires the guardian to "inculcate upon his ward habits of sobriety and industry, and may bind him out to labor or employ him in his own service." These requirements demand personal presence

and supervision of the guardian, and could never have been intended to be intrusted to a person beyond the jurisdiction of our Courts. Such guardian might carry his ward and property beyond the jurisdiction. R. S., c. 67, §§ 3, 9.

The Probate Court is real guardian of the ward, guardian its agent. The statute places him entirely under control of the Court, liable at any time to be cited before it for any dereliction of duty or abuse of authority. This authority is of the highest kind. The bond relates only to property, while this conservative power of the Court over the guardian relates to the personal safety and welfare of the ward. Remedy on the bond is subject to the law's delay ; power of the Court over the guardian is immediate and available. This power is unavailable when guardian is out of the jurisdiction. By § 18, guardian shall settle his account when cited. If he refuses, he may be attached for contempt. He cannot be cited when out of the jurisdiction. The Court has no authority to thus voluntarily divest itself of such necessary practical power.

Such an appointment robs the ward of the most important provision in the statute, viz., § 25 provides that when a guardian embezzles or converts his ward's property, he shall be fined not " exceeding $5000 or confinement to hard labor for a term not exceeding ten years, or both." Guardian may take ward and property out of the State and embezzle with impunity.

The whole scope and spirit of the statute accords with the humanity of the subject, and contemplates that the guardian shall be within the control of the Court.

*W. C. Crosby*, for the defendant.

TAPLEY, J. — This is an action brought against the defendant for a bill of goods sold and delivered to him. The defence set up, that Johnson was under guardianship at the time of the sale, and that the articles were not necessaries.

The action was referred to the Court with the right to except. The presiding Judge found both points for the

defence; as to matters of fact, his finding is conclusive. It appeared in evidence that the guardian when appointed was a resident of Massachusetts, and has ever since and still continued to reside there. The plaintiff contended this appointment was illegal and void, but the presiding Judge ruled otherwise, to which the plaintiff excepts.

The power of appointing guardians over such persons is committed to the Judge of Probate for the county in which the person who is put under guardianship resides. He is not limited in his selection of guardian to residents of the county, or State. The whole power is committed to him to determine, under the circumstances of each case, the propriety of appointment, and the selection and competency of the person, and his doings in this particular are open to revision by this Court only by appeal. 3 Bradford, (N. Y. Surrogate) Rep., 130. *Exceptions overruled.*

APPLETON, C. J., CUTTING, KENT and BARROWS JJ., concurred.

DICKERSON, J. concurred in the result.